# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

FILED
RICHARD W. NAGEL

2023 MAR 14 PM 4:07

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:23-cr-0022 |
| Plaintiff, | |
| | JUDGE |
| v. | |
| | **INDICTMENT** THOMAS M. ROSE |
| JASON GLANTON, | |
| Defendant. | 18 U.S.C. § 924(c) |
| | 21 U.S.C. § 841(a)(1) |
| | 21 U.S.C. § 841(b)(1)(B) |
| | 21 U.S.C. § 841(b)(1)(C) |
| | 21 U.S.C. § 860 |
| | |
| | **FORFEITURE ALLEGATIONS** |

**THE GRAND JURY CHARGES:**

## COUNT 1
### (Distribution of a Controlled Substance)

On or about January 20, 2023, in the Southern District of Ohio, **JASON GLANTON** knowingly and intentionally distributed a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], a Schedule II controlled substance.

**In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).**

## COUNT 2
### (Distribution of a Controlled Substance)

On or about January 22, 2023, in the Southern District of Ohio, **JASON GLANTON** knowingly and intentionally distributed a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], a Schedule II controlled substance.

**In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).**

## COUNT 3
### (Distribution of a Controlled Substance)

On or about February 3, 2023, in the Southern District of Ohio, **JASON GLANTON** knowingly and intentionally distributed a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], a Schedule II controlled substance.

**In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).**

## COUNT 4
### (Possession with Intent to Distribute within 1,000 Feet of a School)

On or about February 7, 2023, in the Southern District of Ohio, **JASON GLANTON** knowingly and intentionally possessed with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], a Schedule II controlled substance, within 1,000 feet of the real property comprising Helke Elementary School, a public elementary school.

**In violation of Title 21, United States Code, Sections 841(a)(1) and 860.**

## COUNT 5
### (Possession of a Firearm in Furtherance of Serious Drug Offense)

On or about February 7, 2023, in the Southern District of Ohio, **JASON GLANTON** knowingly possessed firearms in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, namely: possession with intent to distribute and to distribute controlled substances within 1,000 feet of a school in violation of Title 21, United States Code, Sections 841(a)(1) and 860, as alleged in Count Four of the Indictment.

**In violation of Title 18, United States Code, Section 924(c).**

## FORFEITURE ALLEGATION 1

Upon conviction of one or more of the offenses set forth in Counts 1 through 4 of this Indictment, defendant **JASON GLANTON** shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s), and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation(s).

## FORFEITURE ALLEGATION 2

Upon conviction of one or more of the offenses set forth in Counts 4 through 5 of this Indictment, defendant **JASON GLANTON** shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in such violation(s).

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) or as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant, up to the value of the property described above.

A TRUE BILL

GRAND JURY FOREPERSON

KENNETH L. PARKER
UNITED STATES ATTORNEY

KELLY K. ROSSI
ASSISTANT UNITED STATES ATTORNEY